**UNITED STATES COURT OF APPEALS**
**Filed 6/6/96**
**TENTH CIRCUIT**

JEROLD G. CAUTHON,

       Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary of
Corrections; MICHAEL NELSON,
Warden, Eldorado Correctional Facility;
DON THOMAS, Deputy Director,
Eldorado Correctional Facility,

       Defendants-Appellees.

No. 95-3377
(D.C. No. 95-3451-GTV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Appellant Jerold C. Cauthon, a prisoner housed in disciplinary segregation at the

El Dorado Correctional Facility in Kansas, appeals the district court's denial of an

injunction to require the Appellee prison officials return his typewriter to him. The

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

district court denied his claim on the grounds that the decision of whether to permit prisoners to retain certain personal property is one that lies within the discretion of prison authorities. The court concluded that Cauthon presented no basis to disturb the prison officials' decision that prisoners in disciplinary segregation should be denied access to typewriters. Cauthon now appeals, arguing primarily that the district court incorrectly characterized his claim.[1]

On appeal, Cauthon states that he is not arguing that he has a constitutional right to a typewriter, but rather he is arguing that he has a constitutional right not to be deprived of his personal property arbitrarily. However, Cauthon presented no evidence before the district court that the prison's decision to deny him a personal typewriter while in disciplinary segregation was arbitrary. To the contrary, the record contains a letter to Cauthon from Michael Nelson, warden of the El Dorado Correctional Facility, listing the prison's policy concerning what personal items inmates may possess while in disciplinary segregation. The list excludes typewriters, but Nelson wrote that any personal items belonging to Cauthon would be returned to him upon the completion of his disciplinary segregation sentence. Cauthon has presented no evidence suggesting that the prison's decisions regarding what should be included on this list is arbitrary and, as the district court noted, such decisions are entitled to the wide deference accorded the judgment of

---

[1] The district court denied Cauthon's motion to proceed in forma pauperis; however, we grant it on appeal.

prison administrators in preserving internal order and discipline and maintaining institutional security.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).[2]

Therefore, for the reasons stated above, we AFFIRM.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]  Cauthon alleges on appeal that the district court denied him the opportunity to present evidence showing that other prisoners had not been deprived of their personal property for the same reasons that Cauthon had been deprived of his property.  However, in his complaint, Cauthon alleged only that the prison officials' determination of not permitting typewriters in disciplinary segregation was arbitrary, not that officials arbitrarily permitted some inmates to possess personal property which they denied to others.